# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 16cr1695-BEN |
| Plaintiff, | |
| vs. | ORDER GRANTING UNITED STATES' MOTION TO DISQUALIFY DEFENSE COUNSEL |
| STANLEY PENN (2), | [Dkt. No. 383] |
| Defendant. | |

Now before the Court is the Government's motion to disqualify defense counsel Anthony Colombo, Esq. Mr. Colombo recently joined Defendant Penn's defense team. The motion is granted.

Although a presumption exists in favor of a defendant's right to counsel of his choice, "that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." *Wheat v. United States*, 486 U.S. 153, 164 (1988). The Government asserts the existence of an actual conflict because Mr. Colombo represents both Defendant Penn (who owns the Lucky Lady Casino and Card Room) and Ms. Jan Beverley (who is employed by Penn as the General Manager of the Lucky Lady). At this point in the proceedings, no actual conflict is apparent. Nevertheless, the potential for an actual conflict to develop as the case progresses is serious. Because "[t]he likelihood and dimensions

- 1 -

of nascent conflicts of interest are notoriously hard to predict, the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Id.* at 162-63; *see also United States v. Rewald*, 889 F.2d 836, 857–58 (9th Cir. 1989) (defendant's waiver of conflict is not dispositive; potential for conflict is determinative), *amended*, 902 F.2d 18 (9th Cir.), *cert. denied*, 498 U.S. 819 (1990). In so holding, the Supreme Court in *Wheat* affirmed the decision by the Honorable J. Lawrence Irving in this district disqualifying a defense attorney (Eugene Iredale, Esq.) based on a showing of a serious potential for conflict, rather than an actual conflict. *Wheat* teaches that the "evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court." *Id*. at 164.

What are the facts and circumstances in this case? The Government alleges that an illegal bookmaking enterprise operated out of the Lucky Lady. Apparently, the Lucky Lady is a legally-authorized card room. The Government, however, alleges that the Lucky Lady also serves as a front for an illicit bookmaking enterprise that connected customers and bookies to an international gambling syndicate. According to the Government, Defendant Penn is the "sole proprietor" of the Lucky Lady, and Penn authorized his co-conspirators to operate the illegal bookmaking enterprise on the premises and also received and delivered large sums of cash that were used to fund the bookmaking enterprise.

A key witness is Ms. Jan Beverley. Beverley has allegedly worked for Defendant Penn for 35 years and is the General Manager of the Lucky Lady. The Government intends to call Beverley as a witness in its case-in-chief to incriminate Defendant Penn by linking him to the racketeering conspiracy charged in the indictment.

The Government points out that Beverley has not been charged. However,

she is a key witness.  Beverley was interviewed by law enforcement on July 27, 2016, the day when the Lucky Lady was searched and the day when Penn and his co-defendants were arrested.  When Beverley appeared as the custodian of record for the Lucky Lady and was interviewed by law enforcement on October 5, 2016, it was Mr. Colombo who represented her.  When Beverley was later interviewed by the FBI on June 16, 2017, it was once again Mr. Colombo who represented her.  In fact, it was Mr. Colombo who negotiated a "proffer agreement" to cover her statements at the June 16th interview.

In contrast to Defendant Penn's recent hiring of Mr. Colombo for his defense team, Ms. Von Helms, Esq., has represented Defendant Penn throughout the pre-trial proceedings in this case.  She continues to represent Defendant Penn.  Mr. Colombo's recent joining of the Penn defense team spurs the Government to now move for his disqualification.  Although such motions are rare in this district, with Mr. Colombo representing both the Government's key witness and the Government's main defendant, the potential for a serious conflict of interest is plain to see.

For example, normal cross-examination of Jan Beverley would include questioning her ability accurately to recall, observe, and testify about Penn's activities.  Mr. Colombo could thus be faced with either exploiting his prior, privileged relationship with the witness or failing to defend his present client zealously for fear of misusing confidential information.  "[T]he underlying concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought . . . . It is the possibility of the breach of confidence, not the fact of the breach, that triggers disqualification."  *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980) (reversing with instructions to remove counsel); *see also United States v. Baker*, 10 F.3d 1374, 1399 (9th Cir. 1993) (amended opinion), *overruled on other grounds by United States v.*

*Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000) (affirming disqualification of counsel for defendant where counsel had represented key government witness).

This type of representation has the potential to create an actual conflict of interest because Mr. Colombo's two clients may have adverse interests. Beverley is not a defendant in this case. It is in her interest to continue to cooperate with law enforcement and testify truthfully at trial. To fulfill his ethical obligations to Beverley, Mr. Colombo is required to facilitate that cooperation and testimony. Indeed, she has made statements to law enforcement under a proffer agreement that generally precludes use of those statements against her unless she testifies falsely. On other hand, because Penn *is* a defendant, it is in his interest to try to impeach government witnesses. As his advocate, it is Mr. Colombo's duty to consider trying to discredit the testimony of government witnesses — including Beverley. In order to fulfill his representational duties to Defendant Penn, to the extent Beverley's testimony incriminates Defendant Penn, Mr. Colombo may be required to attack Beverley, whom he would otherwise be duty-bound to defend.

Courts considering these questions have concluded that a lawyer's simultaneous representation of both a defendant and a government witness sometimes constitutes an actual conflict of interest. *United States v. Henke*, 222 F.3d 633, 636 (9th Cir. 2000) (per curiam) (reversing and remanding and finding actual conflict of interest where defendants' attorney entered into a joint defense agreement with a government witness); *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994) ("an attorney has an actual conflict of interest . . . when he has previously represented a person who will be called as a witness against a current client at a criminal trial."); *United States v. Lorenzana-Cordon*, 125 F. Supp. 3d 129, 135 (D.D.C. 2015) ("The parties are in agreement that Mr. Retureta's simultaneous representation of Defendant and the witness testifying against Defendant creates an actual conflict of interest."); *United States v. Daugerdas*, 735 F. Supp. 2d 113, 116 (S.D.N.Y. 2010) (holding that "the unusual circumstance of a

law firm seeking to simultaneously represent a defendant and a cooperating witness in the same criminal proceeding . . . creates a clear conflict of interest.").

As *Wheat* holds, it is not just where an actual conflict exists that disqualification is justified. A "showing of a serious potential for conflict" is a sufficient reason. *Wheat*, 486 U.S. at 165; *see also Luis v. United States*, 136 S. Ct. 1083, 1089 (2016) (a defendant has no right to an attorney with a conflict). Having evaluated the facts and circumstances of this case as well as the conflict waivers offered, this Court finds a serious potential for conflict and in its discretion grants the Government's motion to disqualify Mr. Colombo, Esq., as counsel for Defendant Penn.

DATED: September 14, 2017

_____
Hon. Roger T. Benitez
United States District Judge